Jennifer Liakos (SBN 207487)
Paul B. Maslo (Pro Hac Vice Pending)
Andrew J. Dressel (Pro Hac Vice Pending)
NAPOLI SHKOLNIK PLLC
525 South Douglas Street, Suite 260
El Segundo, CA 90245
Telephone: (310) 331-8224
Fax: (646) 843-7603
Email:    jliakos@napolilaw.com
          pmaslo@napolilaw.com
          adressel@napolilaw.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTERLINE HOLDINGS and R CONSULTING & SALES, INC., <br><br>Plaintiffs, <br><br>v. <br><br>AUGUSTAWESTLAND PHILADELPHIA CORPORATION, <br><br>Defendant. | Civil Case No. **'17CV0235 BAS WVG** <br><br>**COMPLAINT** |

## INTRODUCTION

1. Plaintiffs Centerline Holdings and R Consulting and Sales, Inc. are each the owner of an A109A MK II helicopter (the "Aircraft"), manufactured, distributed and sold by Defendant AgustaWestland Philadelphia Corporation.

2. Prior to 2008, Defendant knew or should have known that the Aircraft and its blades contain one or more design and/or manufacturing defects that causes them to develop cracks within the blade, observable only through a lengthy x-ray process.

1

3. The Aircraft are defective because the blades are prone to developing this interior cracking. Indeed, the Federal Aeronautics Administration has issued an Airworthiness Directive (attached as Exhibit 1), effective February 16, 2016, directing pilots to inspect the Aircraft's blades for cracks prior to every flight. While the Airworthiness Directive asserts that the problem can be remedied for approximately $30,340.00, the cost is in fact much more than that, approaching half a million dollars.

4. Because of the tiny interior cracks that may develop within the Aircraft's blades, the FAA requires owners to engage in a four-hour inspection process prior to using the Aircraft. This effectively renders the Aircraft unusable. Nor is the defect remedied by blade replacement because all available replacement blades would suffer from a similar defect and require the same onerous inspection process after 500 hours of use.

5. The Aircraft's blade defects present a safety hazard and are unreasonably dangerous to users because cracked blades can lead to mid-air failures and potential fatalities.

6. Defendant knew, or should have known, that the Aircraft is defective because of the blades and not fit for its intended purpose of providing owners with safe and reliable transportation. Nevertheless, Defendant actively concealed and failed to disclose this defect to Plaintiffs at the time of purchase and thereafter.

7. Defendant also knows that there is no permanent way to safely remedy the blade defects.

8. Despite notice of the blade defect from the FAA, Defendant has not recalled the Aircraft to replace the defective blades free of charge. Nor has Defendant offered to reimburse Plaintiffs for the costs incurred in remedying the blade defect.

9. Defendant knew and concealed the blade defect, along with the attendant dangerous safety problems and associated repair costs, from Plaintiffs both at the time of sale and repair and thereafter. Had Plaintiffs, at the time of purchase, known about

the blade defect and/or the monetary costs associated with remedying the blade defect, they would not have purchased the Aircraft or would have paid less for them.

10. As a result of their reliance on Defendant's omissions and/or misrepresentations, Plaintiffs have suffered ascertainable loss of money, property, and/or value of the Aircraft.

11. As a result of Defendant's misconduct, Plaintiffs have been harmed and have suffered actual damages in that the Aircraft are no longer airworthy without expensive part replacements and maintenance.

## THE PARTIES

12. Centerline Holdings is a Delaware corporation headquartered in San Marcos, California. In November 2010, Centerline Holdings purchased the Aircraft.

13. R Consulting & Sales, Inc. is a Nevada corporation headquartered in San Marcos, California. In January 2011, R Consulting & Sales, Inc. purchased the Aircraft.

14. AgustaWestland Philadelphia Corporation is a corporation organized and in existence under the laws of the State of Delaware and registered with the Pennsylvania Department of State to conduct business in Pennsylvania. It is headquartered in Philadelphia, Pennsylvania. At all relevant times, it was engaged in the business of marketing, distributing, and selling the Aircraft in California.

## JURISDICTION AND VENUE

15. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity exists between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

16. This Court has jurisdiction over Defendant because it has sufficient minimum contacts in California or otherwise intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of its aircraft—including the Aircraft—in California.

17. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## FACTUAL ALLEGATIONS

18. For years, Defendant has designed, manufactured, distributed, sold, and leased the Aircraft.

19. Defendant has sold, directly or indirectly, through various retail outlets, hundreds of Aircraft in California and throughout the world.

20. The Aircraft's blades are defective because they crack through usual use, rendering the Aircraft unusable absent the use of expensive replacement parts and onerous inspection processes.

21. This defect is substantially and unreasonably dangerous to users and passengers because the Aircraft could fail mid-flight, endangering the lives of pilots, passengers and people on the ground.

22. On information and belief, Defendant acquired its knowledge of the blade defect prior to its announcement by the FAA and through sources not available to Plaintiffs, including, but not limited to, pre-release testing data, early user complaints about the blade defect to Defendant and its sellers, testing and other internal investigations, high failure rates, replacement parts sales data, and aggregate data from third-party sellers, among other internal sources of aggregate information about the blade defect.

23. Defendant had, and has, a duty to disclose the blade defect to the owners of the Aircraft, because, among other reasons, the blade defect poses an unreasonable safety hazard. Defendant had, and has, exclusive knowledge or access to material facts about the Aircraft and their blades that were and are not known or reasonably discoverable by Plaintiffs. Defendant has actively concealed the blade defect from its customers.

24. The blade defect poses an unreasonable safety risk for Plaintiffs, as well as passengers and others in the vicinity of the Aircraft.

25. All owners of the Aircraft have been informed by the FAA that they must undertake expensive and impracticable remedial action before they can operate the Aircraft.

26. Defendant actively concealed the existence and nature of the blade defect from Plaintiffs at the time of purchase and thereafter:

   a. Defendant failed to disclose, at and after the time of purchase and thereafter, any and all known material defects or material noncomformities of the Aircraft, including the blade defect and the significantly high repair costs;

   b. Defendant failed to disclose at the time of purchase that the Aircraft and their blades were not in good working order, were defective, and were not fit for their intended purpose; and

   c. Defendant failed to disclose or actively concealed the fact that the Aircraft and their blades were defective, despite the fact that Agusta learned of such defects prior to selling the Aircraft.

27. Agusta has caused Plaintiffs to expend money by purchasing the Aircraft and/or taking remedial measures related to the blade defect contained in the Aircraft.

28. Agusta has not recalled the Aircraft to repair the blade defect, has not offered to Plaintiffs a suitable repair or replacement of parts free of charge related to the blade defect, and has not offered to reimburse Plaintiffs for costs incurred relating to repairs related to the blade defect.

29. Plaintiffs have not received the value for which they bargained when they purchased the Aircraft.

30. Plaintiffs, like any reasonable purchasers, expect and assume that a helicopter's blades are safe, reliable, and not susceptible to cracking. They expect and assume that the blades will not fail before their useful expected life has run. Plaintiffs further expect and assume that Defendant will not sell helicopters with known safety defects, such as the blade defect, and will disclose any such defect to purchasers when it learns of the defect. It does not expect Defendant to fail to disclose the blade defect

to purchasers, to continually deny the defect, or to characterize the blade defect as normal such that purchasers can deal with it through visual inspection of the blades.

## **TOLLING OF THE STATUTE OF LIMITATIONS**

31. Any applicable statute(s) of limitations has been tolled by Defendant's knowing and active concealment and denial of the facts alleged in this Complaint. Plaintiffs could not have reasonably discovered the true, latent, defective nature of the blade defect until the issuance of the FAA Airworthiness Directive.

32. Defendant was, and remains, under a duty to disclose to Plaintiffs (1) the true character, quality, and nature of the Aircraft; (2) that this defect is based on a poor design; and (3) that it will require costly repairs, poses a safety concern, and diminishes the resale value of the Aircraft. As a result of Defendant's active concealment, any and all applicable statutes of limitations have been tolled.

## **FIRST CAUSE OF ACTION**
### **(Violation of California's Consumer Legal Remedies Act, Cal. Civil Code § 1750, *et seq.*)**

33. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

34. Defendant is a "person" as defined by California Civil Code § 1761(c).

35. Plaintiffs are "consumers" within the meaning of California Civil Code § 1761(d).

36. By failing to disclose and concealing the defective nature of the blades from Plaintiffs, Defendant has violated California Civil Code § 17709a), as it represented that the Aircraft and its blades had characteristics and benefits that they do not have and were of a particular standard, quality, or grade when they were of another. *See* Cal. Civ. Code §§ 1770(a)(5) & (7).

37. Defendant's unfair and deceptive acts or practices occurred repeatedly in its trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

38. Defendant knew that the Aircraft and its blades suffered from an inherent defect, were defectively designed or manufactured, would fail prematurely, and were not suitable for their intended use.

39. Defendant was under a duty to Plaintiffs to disclose the defective nature of the blades on the Aircraft and/or the associated repair costs because Defendant was in a superior position to know the true state of facts about the safety defects contained in the Aircraft and their blades; Plaintiffs could not reasonably have been expected to learn or discover that the blades have a dangerous safety defect; and Defendant knew that Plaintiffs could not reasonably have been expected to learn or discover the safety defect.

41. In failing to disclose the blade defect, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

42. The facts concealed or not disclosed by Defendant to Plaintiffs are material because a reasonable consumer would have considered them to be important in deciding whether or not to purchase the Aircraft or to pay less for them. Had Plaintiffs known that the Aircraft and their blades were defective, they would not have purchased the Aircraft or would have paid less for them.

43. Plaintiffs are reasonable consumers who do not expect the blades to crack and render the Aircraft inoperable. That is the reasonable and objective consumer expectation for helicopter blades.

44. As a result of Defendant's conduct, Plaintiffs have been harmed and have suffered actual damages because the Aircraft and their blades are defective and are continuously failing and will continue to fail before their expected useful life has run.

45. As a direct a proximate result of Defendant's unfair and deceptive acts or practices, Plaintiffs have suffered and will continue to suffer actual damages.

46. Plaintiffs are entitled to equitable relief.

47. Plaintiffs provided Defendant with notice of its alleged violations of the CLRA pursuant to California Civil Code § 1782(a). If Defendant fails to provide

appropriate relief for its violation of the CLRA, Plaintiffs will amend their Complaint to seek monetary, compensatory, and punitive damages, in addition to the injunctive and equitable relief they seek now.

## SECOND CAUSE OF ACTION
**(Violation's of California's Unfair Business practices Act, Cal. Business & Professions Code § 17200 *et seq.*)**

48. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

49. California Business and Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

50. Defendant knew the Aircraft and their blades suffered from an inherent defect, were defectively designed or manufactured, would fail prematurely, and were not suitable for their intended use.

51. In failing to disclose the blades defect, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

52. Defendant was under a duty to Plaintiffs to disclose the defective nature of the aircraft and its defective blades because it was in a superior position to know the true state of the facts about the safety defect in the Aircraft and their blades; it made partial disclosures about the quality of the Aircraft without revealing the defective nature of the Aircraft and their blades; and it actively concealed the defective nature of the Aircraft and their blades from Plaintiffs.

53. The facts concealed or not disclosed by Defendant to Plaintiffs are material because a reasonable person would have considered them to be important in deciding whether or not to purchase the Aircraft or to pay less for them. Had Plaintiffs known that the Aircraft suffered from the blade defect described, they would not have purchased the Aircraft or would have paid less for them.

54. Defendant continued to conceal the defective nature of the Aircraft and their blades even after owners began to report problems.

55. By its conduct, Defendant has engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

56. Defendant's unfair or deceptive acts or practices occurred repeatedly in its trade or business and were capable of deceiving a substantial portion of the purchasing public.

57. As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiffs have suffered and will continue to suffer actual damages.

58. Defendant has been unjustly enriched and should be required to make restitution to Plaintiffs pursuant to §§ 17203 and 17204 of the Business & Professions Code.

### THIRD CAUSE OF ACTION
### (Fraud by Omission)

59. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

60. Defendant knew, or should have known, that the Aircraft and their blades were defectively designed or manufactured, would fail, and were not suitable for their intended use.

61. Defendant concealed from and failed to disclose to Plaintiffs the defective nature of the Aircraft and their blades.

62. Defendant was under a duty to Plaintiffs to disclose the defective nature of the Aircraft and their blades because it was in a superior position to know the true state of facts about the safety defect contained in the Aircraft and their blades; it made partial disclosures about the quality of the Aircraft without revealing the defective nature of their blades; and it actively concealed the defective nature of the Aircraft and their blades from Plaintiffs.

63. The facts concealed or not disclosed by Defendant to Plaintiffs are material because a reasonable person would have considered them to be important in deciding whether to purchase the Aircraft or pay a lesser price for the Aircraft. Had Plaintiffs known the defective nature of the Aircraft and their blades, they would not have purchased the Aircraft or would have paid less for them.

64. Defendant concealed or failed to disclose the true nature of the design or manufacturing defects contained in the Aircraft and their blades in order to induce Plaintiffs to act purchase them. Plaintiffs justifiably relied on the omission to their detriment. This detriment is evident from Plaintiffs' purchases of the Aircraft.

65. Defendant continued to conceal the defective nature of the Aircraft and their blades even after owners began to report problems.

66. As a direct and proximate result of Defendant's misconduct, Plaintiffs have suffered and will continue to suffer actual damages.

**FOURTH CAUSE OF ACTION**
**(Breach of Implied Warranty Pursuant to Song-Beverly Consumer Warranty Act, Cal. Civil Code §§ 1792 and 1791.1, *et seq.*)**

67. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

68. Defendant was at all times the manufacturer, distributor, warrantor, and/or seller of the Aircraft. Defendant knew, or had reason to know, of the specific use for which the Aircraft was purchased.

69. Defendant provided Plaintiffs with an implied warranty that the Aircraft and any of its parts are merchantable and fit for the ordinary purposes for which they are sold. But the Aircraft are not fit for their ordinary purpose of providing safe and reliable transportation because the Aircraft and their blades suffered from a defect at the time of sale and thereafter were not fit for their particular purpose of providing safe and reliable transportation.

70. Defendant impliedly warranted that the Aircraft were of merchantable quality and fit for such use. This implied warranty included, among other things, (i) a warranty that the Aircraft and their blades manufactured, supplied, distributed, and/or sold by Agusta were safe and reliable for providing transportation; and (ii) a warranty that the Aircraft and their blades would be fit for their intended use while the Aircraft was being operated.

71. Contrary to the applicable implied warranties, the Aircraft and their blades were defective at the time of sale and thereafter and were not fit for their ordinary and intended purpose of providing Plaintiffs with reliable, durable, and safe transportation. Instead, the Aircraft are defective because the defective design and manufacture of the blades.

72. Defendant's actions breached the implied warranty that the Aircraft were of merchantable quality and fit for such use in violation of California Civil Code §§ 1792 and 1791.1.

## **RELIEF REQUESTED**

74. Plaintiffs request the Court to enter judgment against Defendant, as follows:

a. For damages, specific performance, and restitution in an amount to be proven at trial;

b. An order enjoining Defendant from further deceptive distribution, sales, and lease practices with respect to the Aircraft and requiring Defendant to remove and replace Plaintiffs' blades with a suitable alternative product;

c. An award to Plaintiffs of actual, compensatory, consequential, exemplary, and statutory damages, including interest, in an amount to be proven at trial, except that for now, Plaintiffs seek only equitable and injunctive relief with respect to its claims under California's Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.*;

    d.    A declaration that Defendant must disgorge, for the benefit of Plaintiffs, all or part of the ill-gotten profits it received from the sale of the Aircraft or make full restitution to Plaintiffs;

    e.    Any and all remedies provided pursuant to the Song-Beverly Act, including California Civil Code § 1794;

    f.    An award of attorneys' fees and costs, as allowed by law;

    g.    An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

    h.    An award of pre-judgment and post-judgment interest, as provided by law;

    i.    Leave to amend the Complaint to conform to the evidence produced at trial; and

    j.    Such other relief as may be appropriate under the circumstances.

75.    Plaintiffs hereby demand a trial by jury.

DATED: February 7, 2017                Respectfully submitted,

*/s/Jennifer Liakos*
Jennifer Liakos
Paul B. Maslo (Pro Hac Vice Pending)
Andrew J. Dressel (Pro Hac Vice Pending)
NAPOLI SHKOLNIK PLLC
525 South Douglas Street, Suite 260
El Segundo, CA 90245
Telephone: (310) 331-8224
Fax: (646) 843-7603
Email:    jliakos@napolilaw.com
           pmaslo@napolilaw.com
           adressel@napolilaw.com

**ATTESTATION OF FILER**

I, Jennifer Liakos, attest that concurrence in the filing of this document has been obtained from the Signatory, which shall serve in lieu of her signature on the document.

Signed this 7th day of February, 2017.

*/s/ Jennifer Liakos*